UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EVAN EUGENE MOORE,

Petitioner

v.

JERRY HOWELL, et al.,

Respondents

Case No.: 2:18-cv-02345-JAD-PAL

**Order Directing Service of the Petition and a Response, Granting Petitioner's Motion to Exceed Page Limit and Application for Leave to Proceed *In Forma Pauperis*, and Denying Petitioner's Motion for Appointment of Counsel**

[ECF Nos. 1, 1-1, 2 & 3]

  Petitioner Evan Eugene Moore brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2008 state court conviction for first-degree murder with use of a deadly weapon. Having conducted an initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and having considered Moore's application for leave to proceed *in forma pauperis*, motion for leave to exceed page limit, and motion for appointment of counsel:

  I find that Moore cannot pay the filing fee, so I grant his application for leave to proceed in forma pauperis.

  My initial review of the petition suggests that it should be served on the respondents for a response, so I direct service and a response.

  Moore moves for appointment of counsel.[1] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[2] The decision to appoint counsel is generally discretionary.[3] However, counsel must be appointed if the complexities of the case are such that

---

[1] ECF No. 2.

[2] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[3] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[4]  Because the petition and other filings in this case set fort the issues sufficiently clearly, and the issues do not appear to be particularly complex, I find that an appointment of counsel is not justified.  I therefore deny the motion for appointment of counsel.

Accordingly,

IT IS THEREFORE ORDERED that Moore's application for leave to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**, and Moore will not be required to pay the filing fee.

IT IS FURTHER ORDERED that Moore's motion for appointment of counsel **[ECF No. 2] is DENIED**;

IT IS FURTHER ORDERED that Moore's motion for leave to exceed page limit **[ECF No. 3] is GRANTED**;

IT IS FURTHER ORDERED THAT t**he Clerk of Court is directed to:**

- FILE the petition (ECF No. 1-1);
- Add Nevada Attorney General Aaron D. Ford as attorney for respondents; and
- Informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that **respondents have until June 7, 2019, to file a response to the petition**, including any motion to dismiss; **petitioner will then have 30 days from the date of service of that response to file a reply**.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that if respondents file a response, they must comply with these requirements, imposed under Habeas Rule 4:

1. Any procedural defenses raised by respondents in this case must be raised together in a

---

[4] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

2

single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. Respondents must send a hard copy of all exhibits filed for this case to the Las Vegas Clerk's Office.

Dated: April 8, 2019

_____
U.S. District Judge Jennifer A. Dorsey