**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Evan Eugene Moore,

          Petitioner

v.

Jerry Howell, et al.,

          Respondents

Case No. 2:18-cv-02345-JAD-BNW

**Order Granting in Part Motion to Dismiss and Directing Petitioner to Elect How to Proceed with Mixed Petition**

**[ECF No. 9]**

Nevada state inmate Evan Eugene Moore brings his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and sentence for first-degree murder.[1] Respondents move to dismiss four of his eight grounds as unexhausted and non-cognizable for federal habeas relief.[2] Moore did not oppose the motion, and the deadline to do so expired without request for extension.[3] Having considered the motion on its merits, I grant the motion in part, finding that grounds 7 and part of ground 1 are unexhausted and dismissing ground 2 as non-cognizable. This makes Moore's petition a mixed one. I therefore instruct Moore to choose one of three options for proceeding in this case by April 9, 2020.

**Background**

**A.    Moore's trial and direct appeal**

Moore was convicted in 2008 of first-degree murder with use of a fire arm.[4] The Second Judicial District Court for Washoe County, Nevada, sentenced him to life imprisonment with a minimum parole eligibility of 20 years plus an equal and consecutive term for the deadly weapon

---

[1] ECF No. 6.

[2] ECF No. 9.

[3] LR 7-2 of the Local Rules of Civil Practice provides that a failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d); *cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to the Local Rules, any response to respondents' motion was to be filed by June 20, 2019. *See* LR 7-2(b). Although no response was filed, I will address the merits of the motion to ensure a complete record.

[4] Ex. 52 (ECF No. 10-52).

1

enhancement, and entered a judgment of conviction on April 25, 2008.[5]  Moore appealed.  The Nevada Supreme Court affirmed his conviction on February 25, 2010.[6]

**B.    Moore's post-conviction proceedings and appeal**

Moore filed a *pro se* state petition for writ of habeas corpus seeking post-conviction relief on June 4, 2010.[7]  The state court appointed counsel, held an evidentiary hearing, and denied Moore's post-conviction claims.[8]  Moore filed a post-conviction appeal.  The Nevada Court of Appeals affirmed the state court's denial of relief,[9] and remittitur issued on November 6, 2018.[10]

**C.    Moore's federal habeas action**

Moore initiated this *pro se* federal habeas corpus proceeding in December 2018.[11]  His federal petition alleges eight grounds for relief under the United States Constitution.[12]  Respondents moved to dismiss grounds 1, 2, 6, and 7 as either non-cognizable in federal habeas or unexhausted in June 2019.[13]  Moore neither filed a response nor moved to extend his deadline to do so.  I now consider the merits of respondents' motion to dismiss.

**Discussion**

**A.    Two of Moore's claims are unexhausted or partially unexhausted.**

State prisoners seeking federal habeas relief must exhaust the remedies available in the state courts unless "there is an absence of available State corrective process" or "circumstances

---

[5] *Id.*

[6] Ex. 101 (ECF No. 11-1).

[7] Ex. 110 (ECF No. 11-10).  Once the state petition was fully briefed, Moore's post-conviction proceeding stalled for more than four years without a decision.  Ex. 139 (ECF No. 11-39).  The state court ultimately dismissed Moore's state petition under the Nevada Rules of Civil Procedure for failure to bring the case to trial within five years.  *Id.*  The Nevada Supreme Court reversed the state court's judgment and remanded the case for further proceedings.  *Id.*

[8] Ex. 145 (ECF Nos. 11-45); Ex. 158 (ECF No. 11-58); Ex. 161 (ECF No. 11-61).

[9] Ex. 181 (ECF No. 11-81).

[10] Ex. 186 (ECF No. 11-86).

[11] ECF No. 1.

[12] ECF No. 6.

[13] ECF No. 9.

exist that render such process ineffective to protect the rights of the applicant."[14] The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law."[15] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[16]

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[17] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[18] To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[19] It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."[20] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."[21] However, citing to state case law that applies federal constitutional principles will suffice.[22]

A claim is not exhausted unless the petitioner has presented to the state court the same

---

[14] 28 U.S.C. § 2254(b)(1).

[15] *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[16] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[17] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[18] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

[19] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[20] *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

[21] *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

[22] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

operative facts and legal theory upon which his federal habeas claim is based.[23] The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.[24] Respondents argue that grounds 1, 6, and 7 are unexhausted because Moore failed to fairly present grounds 6 and 7 to the Nevada Supreme Court as federal constitutional claims, and he did not present all the facts of his ineffective-assistance-of-trial-counsel claim in ground 1 to the Nevada Supreme Court.

### *1.  Ground 6*

In ground 6, Moore alleges that his Sixth Amendment right to counsel was violated when the state court failed to question him about his request to relieve counsel.[25] In his direct appeal, he alleged: "The district court erred in failing to question Moore about his request to relieve trial counsel in violation of [the Nevada Supreme Court's decisions in] *Young*[ *v. State*] and *Garcia*[ *v. State*]."[26]

Ground 6 is exhausted. Although Moore's appellate brief relied on *Young* and *Garcia*, those cases establish that "when there is a complete collapse of the attorney-client relationship, the refusal to substitute counsel violates a defendant's Sixth Amendment rights."[27] A criminal defendant has a constitutional right to conflict-free counsel under the Sixth Amendment.[28] Moore expressly argued that he "should have proceeded with new counsel pursuant to his Sixth Amendment rights."[29] This was sufficient to put the Nevada Supreme Court on notice of the

---

[23] *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[24] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982).

[25] ECF No. 6 at 18–19.

[26] Ex. 80 (ECF No. 10-80 at 17). *See also Garcia v. State*, 113 P.3d 836 (2005); *Young v. State*, 102 P.3d 572, 576 (2004) (adopting the three-part test set forth in *United States v. Moore*, 159 F.3d 1154, 1158–59 (9th Cir. 1998), for reviewing the denial of a motion to substitute counsel, and noting that "while a defendant is not entitled to have a particular attorney serve as counsel, if the complete collapse of the attorney-client relationship is evident, a refusal to substitute counsel violates a defendant's Sixth Amendment rights").

[27] *Garcia*, 113 P.3d at 842 (citing *Young*, 102 P.3d at 576).

[28] *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980).

[29] Ex. 80 (ECF No. 10-80 at 20).

4

federal claim, and respondents will be required to answer ground 6.

### 2. Ground 7

In ground 7, Moore alleges that his Fourteenth Amendment right to due process was violated when the district court allowed his former girlfriend, Kelly Watts, to testify about her jail visits with Moore where he allegedly asked her to change her testimony.[30] He alleged on direct appeal: "The district court erred in permitting Kelly Watts to testify about her jail visits with Moore, which insinuated that he was prepared to pay her money and give her a place to stay in exchange for her changing her testimony regarding the two telephone calls received on the afternoon and evening of the murder in violation of NRS 48.045."[31]

Ground 7 is not exhausted. Moore's appellate brief gave no indication that he was raising a federal due-process claim. The brief exclusively cited Nevada statutes and case law, arguing that the state court violated Nevada law by improperly admitting evidence of prior bad acts. None of the cited cases engages in a federal constitutional analysis; rather, they rely on Nevada statutes and precedent. Moore's appellate brief was insufficient to alert the Nevada Supreme Court to an underlying constitutional theory. Ground 7 is thus unexhausted.

### 3. Ground 1

Respondents further argue that ground 1, which alleges ineffective assistance of trial counsel, did not present all of the facts he now alleges to the Nevada Supreme Court. In ground 1, Moore alleges that his Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to file pre-trial motions, effect a sound strategy, subject the prosecution's case to any meaningful adversarial testing, cross-examine prosecution witness, hire an expert to refute the state's sequence of events, or object to the admission of Sprint phone records without an expert witness to explain the records' technical meanings.[32] He further alleges that trial counsel failed to investigate and object to significant and obvious issues, such as the letter Moore wrote from jail to Dianne Taylor, his alibi witness, Carzell Reese's suggestive

---

[30] ECF No. 6 at 21–23.

[31] Ex. 80 (ECF No. 10-80 at 14).

[32] ECF No. 6 at 3–5.

5

identification of Moore, or Detective Mason's testimony regarding Sprint phone records. In his post-conviction appeal, Moore alleged that trial counsel was ineffective because she failed to challenge in closing arguments the hotel desk clerk's testimony or Reese's identification of the shooter as left-handed when Moore is right-handed.[33] He also alleged ineffectiveness because counsel hardly spoke to him before trial, she could not speak to him regarding Taylor, and failed to advise him of his right to testify.[34]

Ground 1 is partially unexhausted. Although his appellate brief raised a claim for ineffective assistance of counsel ("IAC") under *Strickland v. Washington*,[35] Moore's current claim is based on very different allegations. The only exhausted allegation is trial counsel's failure to regularly communicate or visit him prior to trial. The Nevada Court of Appeals affirmed the denial of this IAC claim on post-conviction appeal.[36] Moore now contends that trial counsel was unable to properly represent him due to her "inability to give Moore's case the attention needed."[37] When this *pro se* federal petition is construed liberally, this allegation sufficiently points to the IAC claim presented to the state court and Nevada Court of Appeals for exhaustion purposes. However, the remainder of ground 1 is unexhausted.

**B.     Ground 2 is not cognizable in federal habeas.**

Respondents seek to dismiss ground 2 because it alleges a substantive Fourth Amendment violation and is therefore non-cognizable on federal habeas review. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[38] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[39]

---

[33] Ex. 175 (ECF No. 11-75 at 14).

[34] *Id.* at 14–15.

[35] *Strickland v. Washington*, 466 U.S. 668 (1984).

[36] Ex. 181 (ECF No. 11-81 at 3.)

[37] ECF No. 6 at 4.

[38] 28 U.S.C. § 2254(a).

[39] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[40] The Supreme Court has determined that excluding Fourth Amendment claims from habeas review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration."[41]

Ground 2 is not cognizable on federal habeas review. Moore claims the state court improperly allowed the jury to see his letter to Taylor because the police unlawfully seized the letter without a warrant in violation of his Fourth Amendment rights.[42] Nevada law provides a mechanism for filing a pretrial motion to suppress evidence seized in violation of the Fourth Amendment.[43] He did not file a suppression motion, but he raised this issue on direct appeal.[44] The Nevada Supreme Court concluded that Moore failed to show how admission of the letter affected his substantial rights by causing actual prejudice or a miscarriage of justice.[45] Moore does not allege that the State did not give him a full and fair opportunity to litigate his Fourth Amendment claim. It is clear from the record that he was afforded such opportunity. Ground 2 is thus precluded from federal habeas review and must be dismissed.[46]

**C.    Moore's petition is mixed**

A federal court may not entertain a habeas petition unless the petitioner has exhausted

---

[40] *Stone v. Powell*, 428 U.S. 465, 495 (1976); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 446–47 (1986).

[41] *Kuhlmann*, 477 U.S. at 447.

[42] ECF No. 6 at 7–8.

[43] *See* NRS 179.085.

[44] Ex. 80 (ECF No. 10-80 at 24–25).

[45] Ex. (ECF No. 11-1 at 9–10.)

[46] *See Stone v. Powell*, 428 U.S. at 495; *Terrovona v. Kinchloe*, 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines*, 640 F.2d 1085 (9th Cir. 1981).

available and adequate state court remedies with respect to all claims in the petition.[47] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[48] Because I find that ground 7 and part of ground 1 are unexhausted, Moore's petition is a mixed one, he must now choose one of three paths forward and advise the court how he will proceed:

1. He can submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;
2. He can submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. He can file a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[49]

Moore is cautioned that a stay and abeyance (option 3) is available only in limited circumstances and only if he files a motion to stay in which he shows good cause for his failure to first exhaust his unexhausted claims in state court and that those claims are not plainly meritless.[50] Respondents would then have a chance to respond to his motion. **If Moore fails to choose one of these three options or seek other appropriate relief by April 9, 2020, his federal habeas petition will be dismissed without prejudice as a mixed petition.** Moore is also advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), because those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

---

[47] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[48] *Id.*

[49] *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[50] *Rhines*, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Respondents' Motion to Dismiss [ECF No. 9] is GRANTED in part and denied in part**:

- Ground 7 and part of ground 1 are UNEXHAUSTED as described in this order.
- Ground 2 is DISMISSED as non-cognizable in federal habeas and for failure to state a claim;

IT IS FURTHER ORDERED that **Moore has until April 9, 2020, to inform the court which one of the following three options he chooses**: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. **If Moore fails to complete one of these options by this court-ordered deadline, his petition will be DISMISSED.**

If Moore chooses to file a motion for a stay and abeyance or seek other appropriate relief respondents may respond to according to Local Rule 7-2.

IT IS FURTHER ORDERED that if Moore elects to abandon his unexhausted grounds, **respondents will have 30 days from the date Moore serves his declaration** of abandonment in which to file an answer to Moore's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Moore will then have **30 days from the date of service of respondents' answer to file a reply**.

Dated: March 9, 2020

_____
U.S. District Judge Jennifer A. Dorsey